# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

## Nos. 97-11419 and 98-10017

---

SEYMOUR JAFFE, On behalf of himself and all others
similarly situated, ET AL.,

Plaintiffs,

versus

FUTURE COMMUNICATIONS, INC.; ET AL.,

Defendants,

versus

HANIFEN IMHOFF, INC.; COHIG & ASSOCIATES, INC.,

Movants-Appellees.

---

STEVE SHAFRAN, On behalf of himself and all others
similarly situated; MARK SHAFRAN, On behalf of himself
and all others similarly situated; LISA FRAZIER, On behalf
of herself and all others similarly situated; REMO FERRARI,
On behalf of himself and all others similarly situated; RICHARD
FERRARI, On behalf of himself and all others similarly situated;

Plaintiffs-Appellants,

and

DAVID FERRARI; RON FERRARI; STEVE FERRARI,

Appellants,

versus

FUTURE COMMUNICATIONS, INC.; ET AL.,

Defendants.

---

Appeals from the United States District Court
for the Northern District of Texas

(3:93-CV-2064-X)

October 1, 1999

Before JONES and STEWART, Circuit Judges, and DUPLANTIER, District Judge.[*]

PER CURIAM:[**]

Since 1994, Appellants Steve Shafran, Mark Shafran, Lisa Frazier, Remo Ferrari, David Ferrari, David Ferrari, Ron Ferrari, and Steve Ferrari ("Appellants") have been attempting in vain to arbitrate claims arising from a transaction involving shares of stock in Future Communications, Inc. against Hanifen Imhoff, Inc. ("Hanifen"), a clearing agent. In 1996, appellants amended their statement of claim in the arbitration proceeding to add claims arising from the same stock transactions against Cohig & Associates, Inc. ("Cohig"), their broker. None of these claims has been asserted before the district court which entered the order which is the subject of the appeal before us now. What had been pending before the district court was a class action against other parties asserting a claim that certain transactions in stock of the same corporation were fraudulent. Appellants' claims against appellees Hanifen and Cohig are "delivery" claims, in no way related to fraud. Moreover, appellees were never parties to the class action.

We AFFIRM the district court's denial of the relief sought by appellants on the ground that the district court lacked jurisdiction to enter any order in response to appellants' motion. In doing so, we decline to reach the merits of appellants' claim.

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.